# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-697V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
KENDALL REICHERT,                             *
                                              *      Special Master Corcoran
                        Petitioner,           *
                                              *      Dated: June 20, 2018
v.                                            *
                                              *      Attorneys' Fees and Costs;
                                              *      Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
                        Respondent.           *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*David G. Cutler*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEYS' FEES AND COSTS[1]

On June 14, 2016, Kendall Reichert filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered from Guillain-Barre Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 22, 2014. I held an entitlement hearing on April 6, 2018, in Washington, DC, and decision in this case remains pending.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorneys' fees and costs in the total amount of $100,375.13 (representing $65,220.40 in attorneys' fees, plus $35,154.73 in costs). *See generally* Petitioner's Application for Interim Attorneys' Fees and Costs, filed June 1, 2018 (ECF No. 52) ("Interim Fees App.").

Respondent reacted to the motion on June 5, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 53 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id*. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$92,204.76**.

## PROCEDURAL HISTORY

This action has been pending for two years. Pet. at 1, filed June 14, 2016 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner first approached the law firm of Black McLaren Jones Ryland & Griffee, P.C. ("BMJRG") about his case on February 2, 2016, several months before it was filed. *See* Ex. 2 to Interim Fees App. ("Ex. 2") at 1. The case thereafter proceeded with Petitioner filing his medical records and statement of completion on August 2, 2016, and Respondent filing the Rule 4(c) Report on October 3, 2016. ECF No. 14

Petitioner filed an expert report from Dr. M. Eric Gershwin on December 6, 2016. ECF No. 14. Respondent thereafter filed an expert report from Dr. Noel Rose on April 24, 2017. ECF No. 33. I subsequently set the matter for an entitlement hearing to be held on April 6, 2018, and the hearing proceeded as scheduled.

Petitioner filed the instant interim request for an award of attorneys' fees and costs on June 1, 2018. *See generally* Interim Fees App. Petitioner's fee application includes billing records that indicate that the work performed in this case has been divided among several BMJRG attorneys – Mr. McLaren, Mr. Cochran, and Mr. Webb – along with firm paralegals and law clerks. *Id.* The application requests total compensation for BMJRG in the amount of $65,220.40, for work performed from February 2, 2016, to May 29, 2018, at the following hourly rates:

|  | 2016 | 2017 | 2018 |
|---|---|---|---|
| **Michael McLaren** | $425 | $440 | $456 |

| **William Cochran, Jr.** | $355 | $365 | $378 |
|---|---|---|---|
| **Chris Webb** | $305 | $315 | $340 |
| **Law Clerks** | $145 | $148 | $153 |
| **Paralegals** | $140 | $145 | $150 |

*Id.* Petitioner also seeks to recover $35,154.73 in costs, including document collection, lodging and transportation to and from hearings, and expert costs for Dr. Gershwin at a rate of $450.00 per hour. *Id.*

## ANALYSIS

### I.    Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). The facts relevant to this matter meet these criteria: the case has been pending for approximately two years, the total amount of attorneys' fees and costs requested exceeds the minimum thresholds that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorneys' fees and expert costs as this case proceeds.

3

## II.     Amounts Requested for Petitioner's Attorneys

I have previously found that attorneys from BMJRG are entitled to forum rates. *See Thomas v. Sec'y of Health & Human Servs.*, No. 16-1628V, 2017 WL 7510707, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2017); *Wilson v. Sec'y of HHS*, No. 15-521V, slip op. (Mar. 29, 2017); *Pancoast v. Sec'y of HHS*, No. 15-718V, 2016 WL 7574815, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Neeley v. Sec'y of Health & Human Servs.*, No. 16-251V, 2017 WL 7510722, at *1 (Fed. Cl. Spec. Mstr. Dec. 29, 2017); *Henry v. Sec'y of HHS*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The hourly rates I awarded in *Thomas, Wilson,* and *Pancoast* to the attorneys who worked on this matter, as well as their law clerks and paralegals, are the same as those requested herein for 2016 and 2017, and I will award them.

This is the first opportunity I have had to consider rates for work performed by BMJRG attorneys in 2018, and thus consider their increased rate. However, Chief Special Master Dorsey evaluated the matter in *Booth v. Sec'y of Health & Human Servs.*, No. 17-0246V, 2018 WL 2772540 (Fed. Cl. Spec. Msrt. March 7, 2018). There, Petitioner requested identical rates for the same years and the same attorneys as in the instant case. *See Booth* Fees App., No. 17-0246V, ECF No. 31, at 9. The Chief Special Master found the requested rates to be reasonable with one exception – Mr. Webb's rate for 2018. *Booth*, 2018 2772540, at *1. The Chief Special Master looked at the reasonable range of rates prescribed by *McCulloch* for attorneys with 11-19 years of experience such as Mr. Webb, his awarded rate of $315 for 2017, and based on the Producer Price Index for the "Office of Lawyers," determined that a reasonable rate for work performed by Mr. Webb in 2018 would be $326 per hour. *Id.* at *2. I agree with the Chief Special Master's well-reasoned analysis, and will likewise award Mr. Webb $326 for work performed in 2018. Mr. Webb has billed 81.90 hours in this matter in 2018 – thus a reduction in the amount of **$1,146.60** must be made.

Besides rates, I must also consider whether all of the work performed on the matter was reasonable. One issue concerns a meeting in early November of 2017 between Mr. Webb and Petitioner's expert, Dr. Gershwin.[3] The record reflects that Mr. Webb traveled from Memphis, Tennessee, to San Diego, California, for a three hour meeting with Dr. Gershwin, only one hour of which was spent discussing the instant case.[4] This is an unnecessary and unreasonable

---

[3] The billing statement indicates this meeting occurred on November 5, 2017 (Ex. 2 at 15), although the invoice from Dr. Gershwin states that the meeting occurred on November 3, 2017 (Ex. 2 at 38).

[4] It appears as though BMJRG had retained Dr. Gershwin to prepare expert reports in four different cases, one of which is the instant case – Dr. Gershwin's invoice indicates that the meeting was to discuss four different cases and provides an breakdown of time spent to review the file of each case (Ex. 2 at 38), while Mr. Webb's billing indicates that time billed for travel has been cut and split among multiple files (Ex. 2 at 15).

expenditure of time, especially for such a short meeting which could have, in all likelihood, been conducted telephonically at greatly reduced cost. Other special masters have reduced an award of fees for unnecessary travel when a telephone conference would suffice. *See, e.g., Young v. Sec'y of Health & Human Servs.*, No. 05-0207V, 2018 WL 2225057, at *5 (Fed. Cl. Spec. Mstr. April 20, 2018); *P.R. v. Sec'y of Health & Human Servs.*, No. 10-96V, 2018 WL 2225172, at *5 (Fed. Cl. Spec. Mstr. April 5, 2018). The attorneys at BMJRG frequently retain Dr. Gershwin as an expert in cases in the Vaccine Program. *See, e.g., Wilson*, 2017 WL 1713104; *Henry*, 2016 WL 7189925; *I.H. v. Sec'y of Health & Human Servs.*, No. 13-766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016); *Treadway v. Sec'y of Health & Human Servs.*, No. 15-1404V, 2017 WL 2927423 (Fed. Cl. Spec. Mstr. May 16, 2017). Due to the undoubted level of familiarity between BMJRG attorneys and Dr. Gershwin, it was unnecessary for Mr. Webb to travel cross-country to discuss this case. Thus, the time billed for travel to and from this meeting will be disallowed. This results in a reduction of **$1,323.00**.

The hours expended on this matter (211.10 hours billed and counting) otherwise appear to be reasonable for a case that has lasted two years and went to an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. Notably, Petitioner has only requested one extension of time throughout the entire case and met all deadlines in filing the expert report and relevant medical records and literature. Other than what was noted above, I do not find any other billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorneys' fees will be reimbursed in the amount of **$62,750.80**.

### III. Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

There are several costs associated with travel that I find unreasonable and unnecessary and will therefore not allow. As previously mentioned, Mr. Webb's November 2017 trip to California to meet with Dr. Gershwin was unnecessary. Just as I have disallowed the time billed for travel for that trip, so too will I disallow all billed costs associated with that trip. From November 3, 2017, to November 7, 2017, there are twelve billed items associated with travel (such as airfare, hotel, meals) totaling **$994.34**. Ex. 2 at 25. I shall reduce that amount from Petitioner's awarded cost.

There are also several costs incurred during the April 2018 trip to Washington, DC for the entitlement hearing which were similarly unreasonable. A meal charge on April 5, 2018, of $194.45, was excessive, even taking into account that this expense was for Mr. Webb and Dr. Gershwin. The fiscal year 2018 Per Diem rates for Washington, DC specify a meals and incidental expenses limit of $69 per non-travel day.[5] *See Dempsey v. Sec'y of Health & Human Servs.*, No. 04-394V, 2017 WL 6343870, at *9 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (reducing BMJRG attorneys' unreasonable food expenses to per diem). This results in a reduction of **$56.45**.

I also find counsel's expenditure on hotel accommodations to be unreasonable. I have previously reduced an award for fees when I have found the hotel to be too expensive. *See Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577, at *3 (Fed. Cl. Spec. Mstr. Oct. 19, 2017). Other special masters have likewise reduced excessive hotel accommodations. *See, e.g.*, *Salmins v. Sec'y of Health & Human Servs.*, No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016); *Dempsey*, 2017 WL 6343870, at *9. Mr. Webb spent $569.46 per night on his lodging (not including various taxes). Ex. 2 at 79. By comparison, Dr. Gershwin stayed at a different hotel and spent, on average, $420 per night on his lodging. Ex. 2 at 69. Thus, I will award $420 per night for Mr. Webb's lodging, resulting in a deduction of **$448.38**.

Next are expert costs. Petitioner requests that Dr. Gershwin be compensated at a rate of $450 per hour for work performed in this case. I have previously compensated Dr. Gershwin at this rate, and I find that it is reasonable. However, several reductions of costs must be made. First, Dr. Gershwin billed for a per diem of $150 per day for two days. As noted previously, this rate is excessively high and will not be compensated by the Vaccine Program beyond the government per diem of $69 per day. This results in a reduction of **$162.00**. Second, Dr. Gershwin flew first class to and from the entitlement hearing in Washington, DC. *See* Ex. 2 at 67, 68 (showing Dr. Gershwin's seat as in the second row on an A-320 airplane). The Court has previously declined to compensate petitioners for first-class airfare, business-class train fare, and Acela Express train fare. *See Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). This results in a further reduction of **$2,239.60**. Finally, Dr. Gershwin billed a total of 16 hours at his full rate for his travel time to and from Washington, DC (8 hours each way). Ex. 2 at 86. In his invoice, Dr. Gershwin notes that while traveling, he reviewed materials and prepared to give his testimony at the hearing. *Id.* However, given that Dr. Gershwin's flights were direct flights to and from Washington, DC which each lasted approximately five hours, I find it exceedingly unlikely that Dr. Gershwin was engaged in work on this case the entire time he was traveling. I will thus credit Dr. Gershwin for only eight hours of work performed while traveling, and compensate him for the other eight hours at one half of his billed rate, as is customary

---

[5] See GSA FY 2018 Per Diem Rates for Washington, D.C., at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup.

for travel time. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *16 (Fed. Cl. Spec. Mstr. April 28, 2015) (citing *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 788 (Fed. Cl. 2010)). This results in a deduction of **$1,800.00**.

Accordingly, the adjusted costs total to be awarded to Petitioner is **$29,533.83**.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorneys' Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| **Attorneys' Fees** | $65,220.40 | $2,469.60 | $62,750.80 |
| **Attorneys' Costs** | $35,154.73 | $5,700.77 | $29,453.96 |
|  |  |  | **Grand Total: $92,204.76** |

I therefore award a total of **$92,204.76** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael G. McLaren, representing attorneys' fees in the amount of $62,750.80, plus costs in the amount of $29,453.96.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.